UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
KIERAN KELLY,                                                           :
                                                                        :
                                    Plaintiff,                          :
                                                                        :          18-CV-1054 (JMF)
                    -v-                                                 :
                                                                        :          MEMORANDUM
MOUNT SINAI HEALTH SYSTEMS, INC. et al.,                                :          OPINION AND ORDER
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 8, 2018, Plaintiff, proceeding *pro se*, filed his Amended Complaint. *See* Docket No. 4. On October 4, 2018, after Plaintiff failed to appear at the initial pretrial conference, and then failed to respond to an order to show cause, the Court dismissed Plaintiffs' claims, without prejudice, for failure to prosecute. *See* Docket No. 23; *see also* Fed. R. Civ. P. 41(b). On December 26, 2018, having learned of the dismissal, Plaintiff refiled his complaint as a new action in this Court, apparently on the advice of "several different lawyers in Alabama and Tennessee." Docket No. 24; *see* No. 18-CV-12214 (ALC) (S.D.N.Y. Dec. 26, 2018). Then, on April 4, 2019, Plaintiff filed in *this* action a "Petition to Set Aside the Court's Order of Dismissal," which the Court construes as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. *See* Docket No. 24. In that motion, Plaintiff explains that he received the Court's dismissal order because his brother forwarded it to him in Alabama, where he was working, from Plaintiff's Pennsylvania address listed on the docket, but had not received any of the Court's earlier orders. *Id.* at 1-2. In an attached unsworn statement, Plaintiff's brother represents that he did not receive any other mailings from the Court at the Pennsylvania address. *Id.* at 4.

Rule 60 contemplates "extraordinary judicial relief" and, accordingly, "is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *see also Hall v. Wells Fargo Bank N.A.*, No. 12-CV-7214 (JMF), 2014 WL 1327955, at *3 (S.D.N.Y. Apr. 3, 2014). Such motions are generally "not favored," and the burden is on the party seeking reconsideration to show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, . . . or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b); *see Hall*, 2014 1327955, at *3. "Although papers submitted by *pro se* litigants are subject to a less rigorous standard than those drafted by attorneys, *pro se* litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." *Hall*, 2014 1327955, at *3 (alterations and internal quotation marks omitted).

Plaintiff's motion fails to show the "exceptional circumstances" that would be needed to justify relief under Rule 60, and certainly not by way of "highly convincing evidence." Plaintiff concededly has "no explanation" for why the Court's earlier mailings would not have reached him at his brothers' address, Docket No. 24, at 2; and even if he possessed "highly convincing evidence" that the lapse was attributable to some cause other than his *own* "mistake, inadvertence, or [in]excusable neglect," Plaintiff still waited six full months to bring the problem to this Court's attention (and then, only after refiling his complaint in this District on the advice of "several different lawyers"). *Id.* Finally, and in any event, Plaintiff *has* since refiled his claims. Under all the circumstances, the Court concludes that Plaintiff has failed to meet Rule 60's high bar for exceptional relief. Plaintiff's motion is accordingly DENIED.

The Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and, thus, *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket No. 24 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 8, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge